IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDERICK D. SMITH<br>(TDCJ No. 1607407),<br><br>   Petitioner,<br><br>V.<br><br>LORIE DAVIS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br><br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:20-cv-668-C-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Shederick D. Smith, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 in the Eastern District of Texas. *See* Dkt. No. 1. After his habeas action was transferred to this district, *see* Dkt. No. 3, it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the Section 2254 application, Smith challenges his Dallas County conviction for compelling prostitution, for which he received a sentence of 42 years of imprisonment. *See State v. Smith*, No. F08-64532-T (283d Jud. Dist. Ct., Dallas Cnty.,

Tex.); Dkt. No. 1 at 2. This criminal judgment was affirmed as modified on direct appeal in 2011. *See Smith v. State*, No. 05-09-01331-CR, 2011 WL 2090256 (Tex. App. – Dallas May 27, 2011, no pet.); Dkt. No. 1 at 3. And Smith did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals (the "CCA").

But he did seek state habeas relief in 2012. *See Ex parte Smith*, No. W08-64532-T(A) (283d Jud. Dist. Ct., Dallas Cnty., Tex.) (application signed Apr. 25, 2012); Dkt. No. 1 at 3. Later the same year, the CCA denied his state application without written order on the trial court's findings without a hearing. *See Ex parte Smith*, WR-43,348-02 (Tex. Crim. App. July 18, 2012).

After reviewing the Section 2254 application, the Court recognized that this action is likely time-barred and issued a questionnaire [Dkt. No. 6] to provide Smith fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. The Court docketed both his objection to – and his verified response to – the questionnaire on April 16, 2020. *See* Dkt. Nos. 7 & 8.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th

Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original).[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).²

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of

---

² *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013). Because Smith did not file a PDR, the applicable state conviction became final under the AEDPA "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at

\*2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was thirty days after the Dallas Court of Appeals affirmed as modified Smith's conviction and sentence – or on Monday, July 27, 2011. *See Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); Tex. R. App. P. 68.2; Tex. R. App. P. 4.1(a).

Smith did file a state habeas application less than one year from this date. *See Ex parte Smith*, No. W08-64532-T(A) (283d Jud. Dist. Ct., Dallas Cnty., Tex.) (application signed Apr. 25, 2012); Dkt. No. 1 at 3. But, because the CCA denied his application on July 18, 2012, *see Ex parte Smith*, WR-43,348-02 (Tex. Crim. App.), the pendency of the state habeas action did not toll the limitations period such that the Section 2254 habeas application – filed no sooner than March 9, 2020, the date on which Smith certifies that he placed it in the prison mailing system,[3] *see* Dkt. No. 1 at 10 – is timely under Section 2244(d)(1)(A).

Even so, Smith claims that timeliness should be measured under Section 2244(d)(1)(D), "the factual predicate rule," because he asserts that the prosecutor withheld "Brady material," "the fact that more than one witness statement/affidavit had been given by the alleged victim," when she "had testified that she had only given one written statement, had not changed or modified it, nor made one or more different

---

[3] *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

attempts." Dkt. No. 8 at 4; *see also id.* at 4-5 (asserting that he "just recently received witness statements (two), that were modified and alter[ed], with no indicational marks or acknowledgments by the witness that she made them, the second statement was not ever presented to applicant, it had no known prior knowledge of it because of State's interference. Even with the exercise of due diligence."); *Brady v. Maryland*, 373 U.S. 83 (1963).

Section 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).[4] It therefore

---

[4] *See also* **Error! Main Document Only.***Hunter v. Cain*, 478 F. App'x 852, 853 (5th Cir. 2012) (per curiam) ("[Petitioner] argues, pursuant to § 2244(d)(1)(D), that the limitations period should have commenced on February 17, 2009, when he received the DA's case file after his attorney-client relationship with Pulliam ended.... [But he] has not shown why he could not have discovered the report through the exercise of due diligence once it was disclosed to Pulliam. The district court correctly determined that Hunter's § 2254 application was untimely."); **Error! Main Document Only.***Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) ("[I]t is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001) (citing, in turn, *Flanagan*, 154 F.3d at 198-99))); *Ballay v. Louisiana*, Civ. A. No. 06-10699, 2007 WL 4413990, at *6 (E.D. La. Dec. 13, 2007) (factual predicate of *Brady* claim "that the prosecution withheld a statement [witness gave to the sheriff's office] in which she allegedly made comments inconsistent with her trial testimony" was first "known by defense counsel at the time of trial, in that he asked for the statement to be produced"); *Toney v. Quarterman*, Civ. A. No. H-09-0083, 2009 WL 2356104, at *6-*7 (S.D. Tex. July 27, 2009) ("Unlike the petitioner in *Starns*[ *v. Andrews*, 524 F.3d 612 (5th Cir. 2008)], who was not aware of the existence of a material witness until that witness was deposed in the civil trial, Toney was fully aware at the time of his trial that a blood sample was taken from him," the factual predicate for his

does not matter when Smith obtained the witness statements attached to his petition [Dkt. No. 1-2]. And he alleges no non-conclusory facts to show when he (or his defense counsel) were first on notice of these statements.

Further, "in the context of *Brady*, Section 2244(d)(1)(D) is 'triggered by the discovery of [certain] information only if it actually constituted *Brady* material.'" *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *5 (N.D. Tex. Jan. 19, 2016) (quoting *Floyd v. Cain*, Civ. A. No. 11-2819, 2012 WL 6162288, at *11 (E.D. La. Sept. 28, 2012), *rec. adopted*, 2012 WL 6162164 (E.D. La. Dec. 11, 2012)), *rec. accepted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016). "A successful *Brady* claim has three elements: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Rocha v. Thaler*, 619 F.3d 387, 393 (5th Cir. 2010) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

Smith has not shown that the two witnesses statements constitute *Brady* material by, at the least, presenting non-conclusory allegations of fact that reflect that the two witness statements were, in fact, suppressed by the State. A petitioner's "unsubstantiated suspicion" that exculpatory evidence was withheld is not enough to allege a plausible constitutional claim. *See, e.g.*, *Brayboy v. Napel*, Civ. A. No. 2:11-cv-11021, 2012 WL 37395, at *6 (E.D. Mich. Jan. 9, 2012) ("The burden is on a habeas

---

habeas claim. "Merely alleging new evidence to support facts that were known at an earlier date does not suffice to establish a new factual predicate." (internal citation omitted)).

petitioner to prove that evidence that is required to be disclosed to him under *Brady* was not disclosed to him. Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim." (citations omitted)); *see also Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (acknowledging "the distinction between suspicions of misconduct and having sufficient facts to sustain a § 2255 motion. Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" (collected cases omitted)).

And to the extent that Smith asserts that the actual-innocence gateway somehow applies to make this petition timely, *see, e.g.*, Dkt. No. 7, the witness statements that he appears to claim were suppressed do not amount to – and Smith has otherwise failed to present – "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," *Schlup* , 513 U.S. at 316

This action should therefore be dismissed with prejudice as time-barred.

### Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in

support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE